NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WINFRED MILLER,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI,**
**SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7051

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1159, Judge Lawrence B. Hagel.

---

## ON MOTION

---

Before GAJARSA, SCHALL, and MOORE, *Circuit Judges.*

PER CURIAM.

## ORDER

Winfred Miller moves for an extension of time to file his notice of appeal. Miller also submits his informal opening brief. The Secretary of Veterans Affairs submits

an informal response brief and moves to dismiss the appeal for lack of jurisdiction. Miller replies.

The Court of Appeals for Veterans Claims entered judgment on November 17, 2009. In proceedings before that court, Miller was represented by counsel. On December 21, 2009, Miller, on his own behalf, submitted a letter to the Court of Appeals for Veterans Claims stating that his attorney had resigned as of November 5, 2009. In the December 21 submission, Miller requested a 45-day extension of time to file an appeal. The Court of Appeals for Veterans Claims returned the papers to Miller because the court records reflected that Miller was represented by counsel and only counsel could file documents with the court. Miller then filed a notice of appeal on January 20, 2010, 64 days after entry of judgment. On January 21, 2010, the Court of Appeals for Veterans Claims received further correspondence from Miller indicating that his former attorney was no longer representing him. The Court of Appeals for Veterans Claims docket sheet currently reflects that Miller is proceeding pro se.

Because Miller's notice of appeal was filed more than 60 days after entry of judgment, it appears to be untimely. *See* 38 U.S.C. § 7292(a); Fed. R. App. P. 4(a)(1); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional' ") (citation omitted). In any event, even if we were to treat Miller's December 21, 2009 letter to the clerk of the Court of Appeals for Veterans Claims as a timely notice of appeal, we would be required to dismiss this appeal because Miller raises no issues within this court's jurisdiction.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Under 38 U.S.C. § 7292(a), this court has

jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Miller asserts in his brief that the Court of Appeals for Veterans Claims failed to apply reasonable doubt to the facts of his case and that that court erred in determining that the Board of Veterans' Appeals failure to consider a treatise was harmless error. Miller also challenges the weighing of evidence and asserts that he did not receive an adequate hearing because, inter alia, it was not fully recorded. Although Miller asserts that his arguments involve regulations, statutes, and constitutional issues, this court must look beyond the appellant's characterization of the issues to determine whether they fall within the jurisdiction of this court. *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007); *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Here, Miller's arguments ultimately challenge how the Board and the Court of Appeals for Veterans Appeals weighed the facts and applied the law to the facts, which are issues outside this court's limited jurisdiction. The Secretary argues without opposition that Miller did not raise his assertion about the hearing when he was represented by counsel before the Court of Appeals for Veterans Claims, and Miller does not explain what evidence he might have been precluded from presenting. In any event, we decline to review the bare assertion of the issue here. *Forshey*, 284 F.3d 1335, 1358 (recognizing that this court will not usually recognize exceptions to the requirement that a party repre-

sented by counsel below must raise issues in that court before seeking review by this court).

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) All pending motions are moot.

(3) Each side shall bear its own costs.

FOR THE COURT

**NOV 15 2010**
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Winfred Miller
Kent C. Kiffner, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 15 2010

JAN HORBALY
CLERK